NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**FRANCISCO BRIZUELA,**
*Plaintiff-Appellant,*

**v.**

**UNITED STATES,**
*Defendant-Appellee.*

---

2012-5082

---

Appeal from the United States Court of Federal Claims in Case No. 09-CV-797, Senior Judge Eric G. Bruggink.

---

Decided: August 8, 2012

---

FRANCISCO BRIZUELA, of San Diego, California, pro se.

MICHAEL D. SNYDER, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and TODD M. HUGHES, Deputy Director.

_____

Before RADER, *Chief Judge*, and LOURIE and REYNA,
*Circuit Judges*.

PER CURIAM.

Francisco Brizuela appeals from a decision of the United States Court of Federal Claims, *Brizuela v. United States*, 103 Fed. Cl. 635 (2012), granting the government's motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC"). We *affirm*.

## BACKGROUND

Brizuela was employed as a mail handler in Amarillo, Texas, by the U.S. Postal Service ("USPS") until he was terminated on April 3, 1985, during his initial probationary period. *Brizuela*, 103 Fed. Cl. at 637. On April 16, 1985, Brizuela filed a complaint at the Equal Employment Opportunity Commission ("EEOC"), alleging that the USPS discriminated against him on the basis of his national origin. *Id.* On June 18, 1985, Brizuela and the USPS executed a settlement agreement (the "Agreement"). *Id.* The Agreement stated that Brizuela would "submit a request for re-instatement into the Amarillo, Texas Post Office as a . . . Career Mail Handler"; that such request would "be given full, fair, and just consideration" upon the availability of a mail handler position in the Amarillo Post Office; that Brizuela would "experience no acts of reprisals and/or retaliations" for filing the EEOC complaint; and that "if and/or when[] there is favorable consideration given to the re-instatement request," Brizuela would serve a 90-day probationary period. Appellee's Appendix ("App.") 48.

On June 19, 1985, Brizuela submitted a request to be reinstated as a mail handler at the Amarillo Post Office. App. 53.  In a letter dated July 31, 1985, the Amarillo Postmaster informed Brizuela that the Amarillo Post Office "ha[d] a suspension on adding new employees," but that Brizuela's request "w[ould] be placed on file for one year"—*i.e.*, until July 31, 1986.  App. 55.

More than two decades later, on February 13, 2006, Brizuela filed an agency complaint at the USPS alleging breach of the Agreement.  *Brizuela*, 103 Fed. Cl. at 637. On April 6, 2006, the USPS issued a final agency decision concluding that the USPS had not breached the Agreement.  App. 57–59.  On September 10, 2007, the EEOC affirmed the decision of the USPS.  App. 61–63.

On December 11, 2007, Brizuela filed a complaint for breach of contract in the United States District Court for the Southern District of California, which transferred the suit to the Court of Federal Claims.  *Brizuela*, 103 Fed. Cl. at 637.  On August 3, 2010, Brizuela filed an amended complaint.  App. 9–20.  The amended complaint asserted that the USPS breached the Agreement by failing to fully and fairly consider Brizuela for reinstatement; that the USPS breached the implied covenant of good faith and fair dealing by not performing as reasonably expected; and that the Postmaster, within the course and scope of his authority for the USPS, intentionally deceived Brizuela by stating that the Amarillo Post Office was not currently hiring new employees. *Brizuela*, 103 Fed. Cl. at 637–38.  The government moved to dismiss for lack of subject matter jurisdiction under RCFC 12(b)(1), asserting that Brizuela's claims were barred by the six-year

statute of limitations set forth in the Tucker Act, 28 U.S.C. § 2501.*

The Court of Federal Claims granted the motion to dismiss. The court explained that the Amarillo Postmaster's letter of July 31, 2005, "served as notice to [Brizuela] that on August 1, 1986, one year after the letter's date, his reinstatement request would no longer be on file, and thus would not be considered if a mail handler position became available beyond that date." *Brizuela*, 103 Fed. Cl. at 640. Accordingly, the court determined that, even accepting as true Brizuela's assertion that the government breached the Agreement, the breach occurred on August 1, 1986. The court also concluded that the accrual suspension rule did not apply to Brizuela's case, because Brizuela knew or should have known that his reinstatement request would not be considered after the passage of one year, as the Amarillo Postmaster's letter clearly indicated. The court therefore dismissed Brizuela's claim as barred by the six-year statute of limitations under the Tucker Act. *Id.*

Brizuela timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review *de novo* a dismissal by the Court of Federal Claims for lack of jurisdiction. *Samish Indian Nation v. United States*, 419 F.3d 1355, 1363 (Fed. Cir. 2005). Like the Court of Federal Claims, in reviewing the government's motion to dismiss we accept as true the facts

---

* The government also asserted that the Court of Federal Claims lacked jurisdiction because the Agreement was not money-mandating, but the court rejected that argument. *Brizuela*, 103 Fed. Cl. at 639.

alleged in Brizuela's pleadings and draw all reasonable inferences in his favor. *See Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995).

In his informal *pro se* appellate brief, Brizuela argues that the Court of Federal Claims incorrectly dismissed his claim. Brizuela asserts that the court failed to apply the accrual suspension rule under the Tucker Act, the Federal Torts Claim Act, and the "grandfather clause." Brizuela further asserts that the Court of Federal Claims failed to take into account a "misrepresentation by [an] ex-attorney from the beginning of the case." Brizuela Informal Br. 1. Finally, Brizuela contends that the outcome of his case should not be controlled by *Holmes v. United States*, 657 F.3d 1303 (Fed. Cir. 2011).

The government, in response, argues that the Court of Federal Claims correctly held that Brizuela's claim is barred by the six-year statute of limitations. According to the government, the court correctly applied *Holmes* in concluding that the accrual suspension rule does not apply to Brizuela's claim, because the USPS informed Brizuela in writing that it would retain his request for reinstatement for only one year. The government also urges us to disregard Brizuela's alleged "misrepresentation by [an] ex-attorney," as well as his assertions relating to the Federal Tort Claims Act and the "grandfather clause," because those assertions were not raised before the Court of Federal Claims.

We agree with the government that the Court of Federal Claims correctly dismissed Brizuela's action as barred by the statute of limitations. Under the Tucker Act, "[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim

first accrues." 28 U.S.C. § 2501. As we have explained, "[a] cause of action cognizable in a Tucker Act suit accrues as soon as all events have occurred that are necessary to enable the plaintiff to bring suit, *i.e.*, when all events have occurred to fix the Government's alleged liability, entitling the claimant to demand payment and sue . . . for his money." *Martinez v. United States*, 333 F.3d 1295, 1303 (Fed. Cir. 2003) (en banc) (internal quotation marks omitted).

The Amarillo Postmaster's letter of July 31, 1985, stated clearly that Brizuela's reinstatement request would "be placed on file for one year." App. 55. The Court of Federal Claims correctly concluded that that letter served as a notice to Brizuela that his reinstatement request would no longer be considered if a mail handler position became available beyond the date of August 1, 1986. Thus, even taking as true for purposes of Brizuela's argument his assertion that the USPS breached the Agreement by (among other things) failing to fully and fairly consider him for reinstatement, all events occurred as of August 1, 1986. At that time, Brizuela knew of the facts giving rise to his claim for an alleged breach of contract and could have filed suit against the government. The six-year statute of limitations thus ran from August 1, 1986, and expired well before he filed his claim in this case.

The Court of Federal Claims also correctly held that the accrual suspension rule did not apply to Brizuela's claim. The accrual suspension rule is "strictly and narrowly applied" and requires a plaintiff to show either (1) "that defendant has concealed its acts with the result that plaintiff was unaware of their existence," or (2) "that [the plaintiff's] injury was inherently unknowable at the accrual date." *Martinez*, 333 F.3d at 1319 (internal

quotation marks omitted). Brizuela's allegations satisfy neither requirement. As the Court of Federal Claims concluded, the Postmaster's letter clearly communicated to Brizuela that his letter would be placed on file for only one year, and that, as a result of the letter, Brizuela "knew or should have known his reinstatement request would not be considered after the passage of one year." *Brizuela*, 103 Fed. Cl. at 640.

Brizuela's remaining arguments are unpersuasive. Brizuela's position is not supported by *Holmes v. United States*, in which the accrual suspension rule was held to apply because Holmes was not "reasonably . . . on inquiry notice" of the government's breach of the agreement at issue. 657 F.3d at 1322. In contrast to Holmes, Brizuela was put on notice by the Amarillo Postmaster's letter, as the Court of Federal Claims concluded. *Brizuela*, 103 Fed. Cl. at 640. Moreover, Brizuela's other asserted bases for relief, including the Federal Tort Claims Act, even if not waived, do not alter our conclusion that Court of Federal Claims correctly dismissed Brizuela's claim as barred by the six-year statute of limitations under § 2501.

Accordingly, we agree with the judgment of the Court of Federal Claims dismissing Brizuela's claim for lack of subject matter jurisdiction.

CONCLUSION

We have considered Brizuela's remaining arguments and find them unpersuasive. For the foregoing reasons, the judgment of the Court of Federal Claims is

**AFFIRMED**

COSTS

No costs.